UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIE MARRERO, | ) |
| Plaintiff, | ) |
| | ) Case No. 12-cv-5280 |
| v. | ) |
| | ) Judge John W. Darrah |
| FRATERNAL ORDER OF POLICE CHICAGO LODGE NO. 7, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Marie Marrero, filed a five-count Third Amended Complaint against Defendant, Fraternal Order of Police Chicago Lodge No. 7, alleging sex discrimination, sexual harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Illinois Human Rights Act ("IHRA"), 75 ILCS 5/1-101 *et seq.*, and violation of the Family Medical Leave Act of 1993 ("the FMLA"). Defendant has, in turn, asserted a counterclaim against Marrero for fraudulent misrepresentation. Marrero has moved to dismiss Defendant's counterclaim for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and for failure to plead fraud with particularity under Federal Rule of Civil Procedure Rule 9(b).

**BACKGROUND**

The following facts are drawn from Defendant's counterclaim and are accepted as true for purposes of the Motion to Dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010); *see also, e.g., Organ Recovery Sys. v. Preservation Solutions, Inc.*, No. 11 C 4041, 2012 WL 2577500, at * 1 (N.D. Ill. July 4, 2012) (internal citations omitted) ("In considering each party's motion to dismiss, the Court takes as true the facts alleged by the party

whose complaint or counterclaim is challenged."). Marrero began working for the Defendant in May 2007 as a legal secretary for attorneys employed by Defendant. (Countercl. ¶ 4.) In November 2010, two attorneys employed by Defendant submitted written memoranda identifying problems with Marrero's work performance. On December 6, 2010, Defendant met with Marrero to discuss her performance. (*Id.* ¶ 5-6.) Marrero claimed that the two attorneys had sexually harassed her. On January 31, 2011, Marrero represented that she had received a dictation tape containing a sexually harassing message from one of the attorneys, Paul Geiger; she subsequently provided that dictation tape to Defendant. (*Id.* ¶¶ 7-9.) The dictation tape was analyzed by Defendant's forensic analyst, who determined that the tape was made before Marrero was employed by Defendant and that the tape had been dubbed and carefully manipulated. (*Id.* ¶ 11.)

Defendant alleges that Marrero re-recorded the sexually harassing message onto the tape left for her to transcribe and that she falsely and intentionally misrepresented the tape as evidence to support her false claims of sexual harassment. (*Id.* ¶ 13.) Defendant further claims it acted in reliance on the truth of the tape and incurred injury in the amounts of attorney fees and forensic expert fees. (*Id.* ¶¶ 16-17.)

## LEGAL STANDARD

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint . . . ." *Christensen v. County of Boone*, 483 F.3d 454, 458 (7th Cir. 2007). Under the federal notice pleading standards, "[a] plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (internal quotations omitted).

When considering a motion to dismiss under Rule 12(b)(6), the complaint is construed in the light most favorable to the plaintiff; all well-pleaded factual allegations are accepted as true, and all reasonable inferences are construed in the plaintiff's favor. *Id*. However, a complaint must allege "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Rather, the plaintiff's allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

## ANALYSIS

To state a claim for fraudulent misrepresentation under Illinois law, the plaintiff must allege: (1) the defendant made a false statement of material fact, (2) with knowledge or belief that the statement is false, (3) intending to induce the plaintiff to act, (4) that the plaintiff acted in reliance on the truth of the statement, and (5) that the plaintiff suffered damages as a result of the reliance. *Connick v. Suzuki Motor Co.*, 675 N.E.2d 584, 591 (Ill. 1996). Furthermore, under the heightened pleading standard of Rule 9(b), the plaintiff must state with "particularity" the "circumstances constituting fraud or mistake." Fed. R. of Civ. Pro. 9(b). Such circumstances include "the identity of the person making the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated." *Hefferman v. Bass*, 467 F.3d 596, 601 (7th Cir. 2006) (internal quotations and citations omitted);

3

*see also DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (the circumstances must be pleaded in detail, and "[t]his means the who, what, when, where, and how.").

*Plausibility*

Marrero first argues that Defendant's counterclaim should be dismissed because its allegations are not plausible under the standard articulated in *Twombly*, 550 U.S. 544 and *Iqbal*, 556 U.S. 662. Marrero contends that, because Defendant implicitly acknowledged that Marrero received a dictation tape with an offensive sexual message from Geiger, its claim for fraud is highly implausible and it has pled itself out of court.

The essence of Defendant's fraud claim is that Marrero obtained an earlier recorded message by Geiger with offensive sexual comments, and that she manipulated the recording and re-recorded it onto a dictation tape in order to bolster her claims of sexual harassment and discrimination. Defendant further claims that its forensic analyst's examination of the tape supports that it was dubbed from a recording made before Marrero was hired. Given the forensic analysis that the tape was manipulated, it is not so highly implausible that Marrero may have altered the tape and used it as evidence against her bosses and in support of her claims. Consequently, the Defendant's counterclaim is not dismissed for lack of plausibility under the standard of *Twombly*, 550 U.S. 544, and *Iqbal*, 556 U.S. 662.

*Particularity*

Marrero next argues that Defendant has failed to state its claim with particularity, as required by Rule 9(b). In its counterclaim, Defendant has failed to provide specific details about the alleged fraud. For example, Defendant does not identify to whom Marrero "falsely represented that she had a dictation tape" (*see* Countercl. ¶ 8), or to whom Marrero allegedly provided the manipulated tape (*see* Countercl. ¶13). Instead, Defendant refers generically to the

4

"FOP" (the Fraternal Order of the Police) and fails to identify specific individuals who heard or witnessed Marrero's alleged fraudulent misrepresentations. (*See* Countercl. ¶¶ 6, 8, 9.) Furthermore, Defendant provides no specifics on what Marrero said about the manipulated tape. In short, Defendant has failed to allege the circumstances in detail, "the who, what when, where, and how" of the alleged fraud. *See DiLeo*, 901 F.2d at 627.[1] Consequently, Defendant's Counterclaim must be dismissed for failing to comply with Rule 9(b).

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Dismiss Defendant's Counterclaim [21] is granted. Defendant's counterclaim is dismissed without prejudice. Defendant may re-plead its counterclaim within thirty days if it can do so in accordance with the heightened pleading requirements under Federal Rule of Civil Procedure 9(b).

Date: June 25, 2013

 _____
 JOHN W. DARRAH
 United States District Court Judge

---

[1] It bears noting that in its opposition to Plaintiff's motion, Defendant has included certain factual assertions, such as the assertion that the tape was an "inside joke," that are not supported by its counterclaim. Such unsupported facts have been disregarded and, in any event, do not provide the particularity required by Rule 9(b).